## 40298. CITY OF ATLANTA v. MARKWELL & HARTZ, INC., et al.

DECIDED SEPTEMBER 23, 1963—REHEARING DENIED OCTOBER 16, 1963.

*J. C. Savage, Newell Edenfield,* for plaintiff in error.

*Weekes & Candler, John Wesley Weekes, George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* contra.

FELTON, Chief Judge. Ga. L. 1937, pp. 583, 584, as amended by Ga. L. 1939, pp. 248, 249, § 1, provides as follows: "Be it enacted by the General Assembly of the State of Georgia and it is hereby enacted by the authority of same, That the commissioners of roads and revenues of other county authorities having charge of the roads and revenues of all counties in this State having situated either in whole or in part a city having a population of 200,000 inhabitants or more by the U. S. census of 1930 or any future U. S. census are hereby authorized and empowered to make, adopt, alter, amend, change, repeal and prescribe building codes, rules and regulations concerning, affecting or relating to the construction, erection, equipment, alteration, repair, changing or removal of buildings, houses and any structure whatsoever in the several counties of the State *outside of the incorporated limits of any municipality,* including codes, rules and regulations relating to plumbing, electrical work and all matters included or embraced in the erection, construction, equipment, alteration, re-

pair, changing or removal of buildings, houses or any structure of any kind." (Emphasis supplied.) This Act was implemented in DeKalb County by the adoption of The DeKalb County Minimum Standards, § 18 of which provides as follows: *"Section 18. Permits and Fees.* No new construction or alterations or repairs shall be begun, the cost of which exceeds $300.00, without first obtaining a permit from the building inspector and the building inspection department of DeKalb County, and there is hereby provided a fee for such permit which shall be $1.50 per thousand for the first $1,000,000. cost of construction and $1.00 per thousand for all over $1,000,000, based upon contract price or cost per square foot as estimated by the DeKalb County Inspection Department; the minimum fee shall be $1.50; and such fees shall be paid to the building inspector and the Building Inspection Department before any permit shall be issued, and such fee shall be remitted to the County Treasury."

Ga. L. 1927, pp. 779, 785, § 11 (incorporated in City of Atlanta 1953 Code, Part I, § 26.1), upon which the City of Atlanta relies as legislative authority for its collection of fees for building permits in situations such as this, provides as follows: "Sec. 11. The Mayor and General Council of said city are hereby empowered and given full authority to acquire, own or lease lands or any interest in same, either within or without the limits of the city, for any legitimate municipal purpose, and when said lands are so acquired said city is given authority to *operate, control* and *use* same for any municipal purpose and make appropriations for the upkeep and operation of same for the purposes named, *in the same manner as lands and interests in same are operated and maintained within the city limits, and shall have police jurisdiction over said lands."* (Emphasis supplied.) Pursuant to the above Act, City of Atlanta 1953 Code, Part I, § 26.7 was enacted, providing as follows: "Sec. 26.7. *Sewer lines and lands for sewer purposes.* The jurisdiction of the City of Atlanta, *for all police purposes, such as peace, good order, health, morals, etc.,* is hereby extended over the lines of all sewers, trunk and intercepting, built by the city, without the city limits, and for the full distance of said sewers and for a full width of ten feet from the center of same on either side and, furthermore, said jurisdiction,

for all of the police purposes aforesaid, is hereby extended over the lands purchased by the city for the location and maintenance of *sewer disposal plants,* septic tanks and similar work and places for the treatment of sewerage [sic], this jurisdiction to cover the entire tract so purchased whether same is entirely covered with such works or not. Persons guilty of violating any of the ordinances of the city enacted for police purposes, as aforesaid, within the jurisdiction as above extended, shall be subject to the jurisdiction of the municipal court and punished in the same manner as for offences committed within the city limits."

The provisions of Ga. L. 1927, pp. 779, 785, § 11, supra, granting the City of Atlanta authority to operate, control and use these lands outside the city limits in the same manner as those inside the city limits and police jurisdiction over them, are not tantamount to a grant of all the plenary powers which the city has over lands within its boundaries. "Police jurisdiction" is a more limited term than "police powers," the latter including regulatory powers. The meaning of "police jurisdiction" is fairly well stated in City of Atlanta 1953 Code, Part I, § 26.7, which applied the above Act by extending the jurisdiction of the City of Atlanta, "for all police purposes, such as *peace, good order, health, morals,* etc.," over lands purchased by the city for the location and maintenance of sewer disposal plants, among other things. As evidence that the 1927 Act did not contemplate the city's collecting fees for the issuance of building permits for construction outside the city limits, the Act did not specifically authorize the city to adopt rules and regulations concerning construction of buildings or other structures, whereas the legislature, in subsequently granting DeKalb County such authority, went into considerable detail to delineate the authority (i.e., ". . . to make, adopt, alter, amend, change, repeal and prescribe building codes, rules and regulations concerning, affecting or relating to the construction, erection, equipment, repair, changing or removal of buildings, houses and any structure whatsoever . . . including codes, rules and regulations relating to plumbing, electrical work and all matters included or embraced in the erection, construction, equipment, alteration, repair, changing or removal of buildings, houses or any structure of any kind.").

Even if the 1927 Act were construed as contemplating the collection of fees by the City of Atlanta for the issuance of building permits for construction outside the city limits, Ga. L. 1937, pp. 583, 584, as amended by Ga. L. 1939, pp. 248, 249, § 1, quoted hereinabove, superseded the 1927 Act by implication and precludes the power contended for by the City of Atlanta by prescribing the jurisdiction of the designated counties (of which DeKalb is one) for the purposes of regulation of construction to be in those areas "outside the incorporated limits of any municipality," without making any exception for the situation covered by the 1927 Act. The grant of limited authority to the city over these areas outside the city was not the equivalent of incorporating them, therefore these areas were "outside the incorporated limits of any municipality," hence subject to the jurisdiction of DeKalb County *for the purposes of regulation of construction.* It is thus apparent that there was no legislative intent to allow the City of Atlanta to collect such fees in unincorporated areas of DeKalb County. Accordingly, the court did not err in its judgment holding that DeKalb County was the proper governmental authority for the issuance of the permit to the petitioner and the collection of the fee therefor.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*